**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| RAYMOND ORTIZ,<br>*Plaintiff*,<br><br>v.<br><br>KELLY McVEY and VANNESSA DORANTES,<br>*Defendants*. | No. 3:20CV1576(MPS) |

**RULING AND ORDER DISMISSING COMPLAINT**

The plaintiff, Raymond Ortiz, brings this action under 42 U.S.C. § 1983 against Vannessa Dorantes, Commissioner of the Connecticut Department of Children and Families ("DCF") and Kelly McVey, a director at DCF, alleging violation of his constitutional rights. He seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF No. 2.) Although based on a review of his financial information, the plaintiff has established that he is "unable to pay" the ordinary filing fees required by the Court, 28 U.S.C. § 1915(a)(1), the complaint is dismissed for lack of subject matter jurisdiction.[1]

Because the plaintiff is proceeding *pro se*, I have read his complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The gist of his complaint is that DCF, which has removed plaintiff's daughter from his custody, is improperly seeking to place his daughter for adoption with a nonbiological family. This case marks, by the Court's count, the thirteenth action Mr. Ortiz has filed challenging, in one form or another, matters involving his daughter and the DCF

[1] The same statute that authorizes the court to grant *in forma pauperis* status to a plaintiff also contains a provision that protects against abuses of this privilege. Subsection (e) provides that the court "shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

proceedings.[2] In this case, Mr. Ortiz alleges that the defendants have "continuously restricted the plaintiff from exercising his constitutional rights and privileges in having his daughter placed with able and qualified biological family members at the time of her 4th removal from the plaintiff." (ECF No. 1 at 6.) "The plaintiff's daughter was illegally forced to remain with a non relative in spite of multiple relatives available for placement. The defendants are attempting to have my daughter adopted by the non relative in spite of the violations of the plaintiff's rights under the Adoption and Safe Families Act of 1993." *Id*. He further states:

> Both defendants violated my rights in providing care and placement for my daughter. Both defendants ignored their own agency policies and violated a Bridgeport Court order issued by Judge James Ginnochio on November 30, 2017. . . . .The defendants still are attempting to have the plaintiff's child adopted by a non relative along with recommending premature termination of parental rights.

(ECF No. 1 at 8.) The plaintiff alleges that the defendants violated Conn. Gen. Stat. § 17A-175 (Interstate Compact on the Placement of Children), § 46b-129 (statute that governs the

---

[2] *See Ortiz v. McVey*, 3:20cv12(VLB) (denying motion to proceed *in forma pauperis* and dismissing the action with prejudice, noting the plaintiff's prior actions concerning custody proceedings and visitation matters, and "admonish[ing] [plaintiff] for wasting judicial resources and forewarn[ing plaintiff] that the Court can impose penal sanctions for frivolous filings in violation of Fed. R. Civ. P. 11."); *Ortiz v. Lorenzo*, 3:19cv1578(AVC) (denying plaintiff's motion for *in forma pauperis* and dismissing the action for lack of subject matter jurisdiction); *Ortiz v. Trentacosta*, 3:19cv1577(AVC) (same); *Ortiz v. Birden*, 3:19cv1111(AVC) (determining the domestic relations exception barred the complaint because the "plaintiff's claimed violation of his constitutional rights is directly related to a dispute over custodial choices by CTDCF after obtaining custody of the plaintiff's child"); *Ortiz v. Gurney*, 3:19cv1110(AVC) (denying plaintiff's motion for *in forma pauperis* and dismissing the action for lack of subject matter jurisdiction under the domestic relations exception to federal jurisdiction); *Ortiz v. Mysogland*, 3:19cv1109(AVC) (dismissing plaintiff's claim that DCF failed to comply with state law on the placement of his child in foster care for lack of subject matter jurisdiction); *Ortiz v. Dorantes*, 3:19cv1108(AVC) (same); *Ortiz v. McVey*, 3:19cv857(AVC) (dismissing plaintiff's complaint regarding visitation as barred by domestic relations exception and *Rooker-Feldman*); *Ortiz v. McVey*, 3:18cv1173(AVC) (dismissing complaint against DCF employees where plaintiff failed to comply with court order to either pay the filing fee or file a motion for leave to proceed in forma pauperis); *Ortiz v. Tinnerello*, 3:18cv665(AVC) (dismissing complaint against DCF employees for lack of subject matter jurisdiction); *Ortiz v. Trentacosta*, 3:18cv614(AVC) (same).

Mr. Ortiz failed to list any of these cases on his motion for leave to proceed *in forma pauperis*, which he signed under penalty of perjury.

commitment of children based on adjudication of neglect), and the Fourteenth Amendment of the United States Constitution. As relief, he requests ten million dollars. (ECF No. 1 at 8.)

As a preliminary matter, Mr. Ortiz's claims for money damages based on constitutional violations against the defendants in their official capacities are barred by the Eleventh Amendment. *See e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Mr. Ortiz's claims against the defendants in their individual capacities also fail. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A case is properly dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate it. *See Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011). "Where there is a lack of subject matter jurisdiction, dismissal is mandatory." *Patterson v. Rodgers*, 708 F. Supp. 2d 225, 232 (D. Conn. 2010).

Although Mr. Ortiz has styled his complaint as invoking his constitutional rights, it is clear from the allegations that he is challenging DCF's placement of his daughter. This case appears to be another attempt by the plaintiff to have a federal court intervene in a child-custody matter. And as in his prior actions, jurisdiction over this matter is barred by the domestic relations exception to the jurisdiction of the federal courts. This doctrine "divests the federal courts of power to issue divorce, alimony and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). "Federal courts will dismiss actions aimed at changing the results of domestic proceedings, including orders of child custody." *Rabinowitz v. New York*, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004). *See Reeves v. Dep't of Children, Youth & Families*, No. 120CV987, 2020 WL 5898866, at *3 (N.D.N.Y. Sept. 4, 2020) ("Under the domestic relations exception to the jurisdiction of federal courts, cases involving divorce, alimony, and child custody remain outside federal court jurisdiction.").

To the extent that the plaintiff's complaint can be read as challenging the state court decision to remove his daughter from his custody and place her in foster care, such a claim is barred by the *Rooker-Feldman* doctrine, which deprives a federal court, other than the United States Supreme Court on direct appeal, of subject matter jurisdiction to revisit issues actually decided by the state court. *See Phifer v. City of New York*, 289 F.3d 49, 57 (2d Cir. 2002) (*Rooker–Feldman* doctrine precludes federal courts from hearing claims that attack Family Court decisions concerning custody, neglect and visitation). *See Allen v. Mattingly*, No. 10-CV-0667, 2011 WL 1261103, at *8 (E.D.N.Y. Mar. 29, 2011) ("The *Rooker–Feldman* doctrine divests this Court of subject matter jurisdiction to hear plaintiff's claims relating to the removal of her son from her custody, his placement in foster care and her visitation with her son."), *aff'd*, 478 F. App'x 712 (2d Cir. 2012).

A court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, leave to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id*. Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Under the circumstances of this case, where the defects are substantive and would not be cured if afforded an opportunity to amend and the record reflects more than ten prior dismissals of complaints - all concerning similar custody issues - I conclude that leave to amend is not warranted. *See, e.g., Ogden v. Marshall Cty. Dep't of Social Services*, No. 3:18cv373, 2018 WL 2306493, at *4 (N.D.N.Y. May 21, 2018) (*sua sponte* dismissing complaint for lack of subject matter jurisdiction as barred by the domestic relations exception and *Rooker-Feldman* doctrine and without leave to amend); *Meyers v. Hughes*,

No. 18CV4399, 2018 WL 3748156, at *4 (E.D.N.Y. Aug. 7, 2018) (same). Accordingly, the complaint is dismissed with prejudice.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
October 28, 2020